UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Mary Joan Lumbar f/k/a Mary Joan Welsh
f/k/a Mary Joan LaFond,

    Debtor,

BKY No. 08-36803
Chapter 7

Patti J. Sullivan, Trustee,

    Plaintiff,

vs.

Raymond J. Welsh, Joan C. Welsh,
the Welsh Living Trust, and Raymond J.
Welsh and Joan C. Welsh, Trustees,

    Defendants.

Adv. No.: 09-3093

**SETTLEMENT AGREEMENT
AND MUTUAL RELEASE**

    In consideration of the covenants and provisions contained herein and other good and valuable consideration, Patti J. Sullivan, Plaintiff and Trustee of the Estate of Mary Joan Lumbar ("Trustee"), and Defendants Raymond J. Welsh, Joan C. Welsh, the Welsh Living Trust, and Raymond J. Welsh and Joan C. Welsh, Trustees (collectively, "Defendants"), through their undersigned counsel, have entered into this Settlement Agreement ("Agreement"). This Agreement settles all claims of any kind or type between the parties, including but not limited to those claims the Trustee asserted in *Patti J. Sullivan, Trustee v. Raymond J. Welsh, Joan C. Welsh, the Welsh Living Trust, and Raymond J. Welsh and Joan C. Welsh, Trustees,* ADV. No. 09-3093 (Bankr. D. Minn.).

{00052371.1 }

WHEREAS, on June 8, 2009, the Trustee filed a complaint to avoid the transfer by Mary Joan Lumbar ("the Debtor") of her vendee's interest in Real Estate located at 1866 Wellesley Avenue, St. Paul, Minnesota and legally described as

> Lot 2, Block 2, except the East two feet thereof Wellesley Place, Ramsey County, Minnesota.

(the "Real Estate") to Defendants Raymond J. Welsh and Joan C. Welsh under 11 U.S.C. §§544, 548 and 550 and Minn. Stat. §§513.44 and 513.45, and seeking judgment of $181,000. Defendants filed their answer, denied all liability on the claims and asserted various affirmative defenses, including that a reasonably equivalent value was given, that a cancellation of a contract for deed cannot be avoided as a fraudulent transfer, and that a trustee cannot avoid the transfer of a debtor's exempt homestead. The Bankruptcy Court granted summary judgment in favor of Defendants. On appeal, the Bankruptcy Appellate Panel reversed and remanded the matter to the Bankruptcy Court for a trial on the elements of a constructive fraudulent conveyance under 11 U.S.C. §§548(a). Because continued litigation would require extensive proof of factual matters and would be costly to the bankruptcy estate and to Defendants, the Parties believe it is in their best interest and the best interest of creditors of the bankruptcy estate to settle all claims in this adversary proceeding.

NOW THEREFORE, THE TRUSTEE AND DEFENDANTS STIPULATE AND AGREE:

1.    Defendants shall pay the Trustee Forty-Five Thousand Dollars ($45,000.00) ("Settlement Funds") on or before August 31, 2012, in full satisfaction of the Trustee's claims. The Settlement Funds shall be made payable to "Patti J. Sullivan, Trustee", and shall be sent to

{00052371.1 }

the Trustee's counsel, Andrea M. Hauser, Leonard, O'Brien, Spencer, Gale and Sayre, Ltd., 100 South Fifth Street, Suite 2500, Minneapolis, MN 55402.

2.  The Trustee will deposit the Settlement Funds into her trustee account and will notice the settlement to creditors and parties in interest under the Local Bankruptcy Rules, Bankruptcy Rule 9019, and other applicable rules as soon as practicable.

3.  If any creditor or party in interest objects upon notice, and if the Bankruptcy Court does not approve the Agreement, the Trustee will immediately return all Settlement Funds to counsel for Defendants, Thomas J. Flynn, Larkin Hoffman Daly & Lindgren, Ltd., 1500 Wells Fargo Plaza, 7900 South Xerxes Avenue South, Minneapolis, MN 55431-1194, and the parties will no longer be bound to or be prejudiced by this Agreement and will return to their prior rights, claims and positions in this bankruptcy proceeding.

4.  Defendants shall provide the Trustee with a Confession of Judgment in the form as attached hereto as Exhibit A to secure their obligation under this Agreement. In the event of Defendants' default on the obligation to pay the Settlement Funds in full by August 27, 2012, the Trustee's counsel shall provide Defendants written notice of default by certified mail, return receipt requested, at the following address: R. John Welsh, Jr., 1839 Rolling Green Curve, Mendota Heights, MN 55118. The Trustee's counsel shall simultaneously mail a copy of such notice to Defendants' counsel, Thomas J. Flynn, Larkin Hoffman Daly & Lindgren, Ltd., 1500 Wells Fargo Plaza, 7900 South Xerxes Avenue South, Minneapolis, MN 55431-1194. Defendants shall have ten (10) days to cure such default from the date of the receipt of written notice of default.

{00052371.1 }

5.   In the event of Defendants' default and failure to cure, the Trustee shall be entitled to immediately seek entry of judgment for Forty-Five Thousand Dollars ($45,000.00) against Defendants pursuant to the Confession of Judgment,

6.   Upon payment of the Settlement Funds and the Bankruptcy Court's approval of this Agreement, the Trustee releases and discharges Defendants and their respective successors and assigns, and their officers, directors, shareholders, members, participants, managers, employees, agents, representatives, parents, subsidiaries, insurers, attorneys, from all actions that the Trustee had, has or in the future may have against them of any kind or type between the parties, including but not limited to those claims arising out of or in connection with any fact alleged or that could have been alleged in this adversary proceeding.

7.   For good and valuable consideration, the receipt of which is hereby acknowledged, and upon the Bankruptcy Court's approval of this Agreement, Defendants release and discharge the Trustee and the bankruptcy estate from all claims that they had, have, or in the future may have of any kind or type between the parties, including but not limited to those claims arising out of or in connection with any fact alleged or that could have been alleged in this adversary proceeding.

8.   Upon the Trustee's receipt of the Settlement Funds in full and upon the Bankruptcy Court's approval of this Agreement, pursuant to Bankruptcy Rule 7041(a) and Fed. R. Civ. P. 41(a), the Court may enter an order dismissing the adversary proceeding with prejudice. Each party shall be responsible for its own costs and attorneys' fees.

9.   If the Bankruptcy Court does not approve this Agreement, nothing contained herein shall constitute an admission by any party hereto, nor shall anything contained herein constitute a waiver of any claims or issues by any of the parties.

{00052371.1}

10. The Parties irrevocably consent to the jurisdiction of the U.S. Bankruptcy Court, District of Minnesota, with respect to any action to enforce the terms of this Agreement.

11. It is specifically understood and agreed that the consideration hereinfore recited is in full, final, and complete compromise, settlement, accord, and satisfaction of disputed claims; and there are no covenants, promises, or undertakings outside of this Agreement other than as specifically set forth herein.

12. This Agreement shall not be amended or otherwise altered except by a writing that is signed by the parties' authorized representatives and their respective legal counsel.

13. This Agreement is valid if executed in counterparts, which if read together, constitute a fully executed Agreement.

**LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD.**

By: _____
Andrea M. Hauser    #207469
100 South Fifth Street
Suite 2500
Minneapolis, MN 55402
(612) 332-1030
ahauser@losgs.com
Attorneys for Patti J. Sullivan, Trustee

Dated: July 18, 2012

**LARKIN HOFFMAN DALY & LINDGREN LTD.**

By: _____
Thomas J. Flynn    #30570
L. Kathleen Harrell-Latham  #388782
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, MN 55431-1194
952-835-3800
tflynn@larkinhoffman.com
Attorneys for Defendants Raymond J. Welsh, Joan C. Welsh, the Welsh Living Trust, and Raymond J. Welsh and Joan C. Welsh, Trustees

Dated: July 19th, 2012

{00052371.1}
1412495.1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  BKY No. 08-36803
Chapter 7
Mary Joan Lumbar f/k/a Mary Joan Welsh
f/k/a Mary Joan LaFond,

Debtor,

Patti J. Sullivan, Trustee,

Adv. No.: 09-3093

Plaintiff,

vs.

**CONFESSION OF JUDGMENT**

Raymond J. Welsh, Joan C. Welsh,
the Welsh Living Trust, and Raymond J.
Welsh and Joan C. Welsh, Trustees,

Defendants.

On July ___, 2012, Patti J. Sullivan, Trustee and Plaintiff ("Trustee"), and Defendants Raymond J. Welsh, Joan C. Welsh, the Welsh Living Trust, and Raymond J. Welsh and Joan C. Welsh, Trustees (collectively, "Defendants") entered into a Settlement Agreement resolving all of the Trustee's claims against the Defendants in this adversary proceeding. Defendants agreed to pay the Trustee Forty-Five Thousand Dollars ($45,000.00) ("Settlement Funds") by August 31, 2012, in full satisfaction of the Trustee's claims. A copy of the Settlement Agreement is attached as Exhibit 1.

Defendants, having agreed to settle this matter and intending to be legally bound, stipulate and agree as follows:

1. Defendants shall pay the Trustee Forty-Five Thousand Dollars ($45,000)

{00052159.1}
1412478.1



("Settlement Funds") by August 31, 2012, in full satisfaction of the Trustee's claims in the complaint.

2.    In the event that Defendants fail to pay the full amount of the Settlement Funds to the Trustee by August 31, 2012, Defendants shall be in default under the Settlement Agreement. In the event of default, the Trustee's counsel will give written notice of default to Defendants to be delivered by certified mail, return receipt requested, at the following address: R. John Welsh, Jr., 1839 Rolling Green Curve, Mendota Heights, MN 55118. The Trustee's counsel shall simultaneously mail a copy of the notice to Defendants' counsel, Thomas J. Flynn, Larkin Hoffman Daly & Lindgren, Ltd., 1500 Wells Fargo Plaza, 7900 South Xerxes Avenue South, Minneapolis, MN 55431-1194. Defendants shall have ten (10) days to cure such default from the date of their receipt of written notice of default.

3.    Defendants agree that in the event of default and failure to cure such default, and under Minn. Stat. §§548.22 and 548.23, the Trustee is authorized to confess judgment against Defendants in any court of record in the State of Minnesota, including the Bankruptcy Court. The judgment shall be for Forty-Five Thousand Dollars ($45,000.00), less any amounts previously paid to the Trustee under the Settlement Agreement.

4.    As a condition of this Confession of Judgment, the Trustee shall establish by affidavit, or that of her legal counsel, that: 1) the Trustee did not receive full payment of the Settlement Funds under the Settlement Agreement; 2) the Trustee provided Defendants and their counsel, Thomas J. Flynn, Larkin Hoffman Daly & Lindgren, Ltd., 1500 Wells Fargo Plaza, 7900 South Xerxes Avenue South, Minneapolis, MN 55431-1194, with the required written notice of default by certified mail, return receipt requested; and 3) Defendants failed to cure the default within ten (10) days of receipt of the Trustee's default notice.

{00052159.1}

5. The Parties agree that the Court may execute the order attached as Exhibit 2 pursuant to this Confession of Judgment in the event a default occurs under the terms and conditions of the Settlement Agreement and this Confession of Judgment.

6. Defendants waive any right to notice or a hearing prior to the entry of judgment against them pursuant this Confession of Judgment. Defendants acknowledge that they are fully aware that this Confession of Judgment will operate as a waiver of their rights to notice of hearing or a hearing prior to entry of judgment, and Defendants knowingly and voluntarily waives all such rights. Defendants further waive any right to defend or interpose a defense in any action or proceeding commenced by the Trustee relating to this Confession of Judgment or the obligations described herein.

7. The undersigned hereby state and affirm that they have read the foregoing, have been represented by legal counsel, intend to be bound by all terms of this Confession of Judgment and the Settlement Agreement, and that the foregoing is true and correct to their personal knowledge, information and belief.

{00052159.1 }
1412478.1

## **VERIFICATION**

Raymond J. Welsh, Joan C. Welsh, the Welsh Living Trust, and Raymond J. Welsh and Joan C. Welsh, Trustees, by their designated attorneys in fact (with joint power of attorney), R. John Welsh, Jr., and Patricia A. Nesheim, having been duly sworn upon oath, depose and state that they have read the foregoing Confession of Judgment, that the same is true and correct, and that they are entering into this Confession of Judgment voluntarily for a debt justly due.

          PATRICIA A. NESHEIM AND R. JOHN WELSH, as attorneys in fact (with joint power of attorney) for RAYMOND J. WELSH, JOAN C. WELSH, AND THE WELSH LIVING TRUST, JOAN C. WELSH AND RAYMOND J. WELSH, TRUSTEES

_____
R. John Welsh


_____
Patricia A. Nesheim


STATE OF MINNESOTA
COUNTY OF _____

    The foregoing instrument was acknowledged before me this ____ day of ____, 2012, by

_____.


_____
Notary Public


STATE OF MINNESOTA
COUNTY OF _____

    The foregoing instrument was acknowledged before me this ____ day of ____, 2012, by

_____.


_____
Notary Public


{00052159.1 }

**THOMAS J. FLYNN**

_____
Attorney for Defendants

STATE OF MINNESOTA
COUNTY OF _____

    The foregoing instrument was acknowledged before me this ____ day of ____, 2012, by _____.


_____
Notary Public

{00052159.1 }
1412478.1